UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DUNLAP,

        Plaintiff,

        v.                              Case No. 19-C-1707

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

## DECISION AND ORDER

Plaintiff Steven Dunlap filed this action for judicial review of a decision by the Commissioner of Social Security denying his applications for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff claims that the administrative law judge (ALJ) committed a material error by relying on the testimony of the vocational expert (VE) who opined that Plaintiff was capable of performing his past relevant work as actually performed. For the following reasons, the decision of the Commissioner will be reversed and remanded for further proceedings.

## BACKGROUND

Plaintiff filed his applications in December 2015, alleging disability beginning on November 16, 2015. R. 13. The claims were denied initially on April 13, 2016, and upon reconsideration on March 9, 2015, leading Plaintiff to file a written request for hearing on March 24, 2017. *Id.* At an administrative hearing on August 1, 2018, Plaintiff, who was represented by counsel, and Robert J. Verkins, an impartial vocational expert, testified. R. 31–62

At the hearing, Plaintiff testified that he was 5'9", weighed 183 pounds, and completed high school before briefly attending Dawson College. R. 35. Plaintiff noted that he was last employed in November 2015. He described the position as a "sit-down job" and explained that he built electrical panels. R. 36. Plaintiff testified that he was taking prescription drugs and that the side effects included dizziness and fatigue. R. 37. As for his daily activities, Plaintiff indicated that he cleans the house, watches television, reads, works on puzzles, goes to the grocery store, and attends the YMCA to exercise. R. 38–39. When asked what type of limitations he has, Plaintiff responded that he felt exhausted and weak and that he's unable to walk like he used to. R. 40. Plaintiff testified that he experiences pain in his upper left breast, back, left thigh, and lower left leg and that these pains vary in frequency. R. 41. Plaintiff also noted that he believed he still had drop-foot, and that he experienced dizziness "all of the time," which affects his balance. R. 48. Plaintiff's attorney then asked him a variety of questions about his past work. Plaintiff testified that his job required him to frequently lift items around 10 pounds or less. He stated that he would not be able to return to this work because he would not be able to "get on a ladder and climb up the ladder" to get parts, which he sometimes had to do. R. 51. Plaintiff noted that, although he could walk, normally he would "sit down right [there] and just do [his] work," until the day was done. *Id.*

Once Plaintiff had finished testifying, the VE, Robert Verkins, testified. The VE identified Plaintiff's past work as that of an electronics assembler, based on the DICTIONARY OF OCCUPATIONAL TITLES (DOT). R. 54. The ALJ then posed a hypothetical to the VE. The ALJ asked if an individual who could perform light exertional work; not climb ropes, ladders, scaffolds; not work with heights or hazards; occasionally climb ramps and stairs; and occasionally stoop, kneel, crawl, crouch, but not balance, would be able to perform any of Plaintiff's past work. R.

2

57. The VE responded that he believed Plaintiff could perform his most recent job of assembling electronics boards. *Id.* The ALJ modified the hypothetical, this time limiting the individual to the sedentary exertional level, asking the VE if the past work could still be done. R. 58. The VE responded that the individual would be able to perform the work of an electronic panel assembler, *as Plaintiff performed it*. *Id.*

On December 20, 2018, ALJ Margaret J. O'Grady issued a decision concluding that Plaintiff is not disabled under the Social Security Act. R. 13–25. The ALJ's decision followed the five-step sequential process for determining disability as prescribed by the Social Security Administration (SSA). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 16, 2015, the alleged onset date. R. 15. At step two, the ALJ concluded that Plaintiff has the following severe impairments: aortic dissection; compartment syndrome; hypertension; acute kidney injury; and left foot drop. *Id.* At step three, the ALJ found that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18.

The ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform sedentary work, except that Plaintiff cannot climb ladders, ropes, or scaffolds; cannot work with hazards or heights; can occasionally climb ramps and stairs; can occasionally stoop, kneel, crawl, and crouch; and cannot balance. *Id.* At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as an electronics assembler, and that such work does not require the performance of work-related activities precluded by Plaintiff's RFC. R. 24. Thus, the ALJ concluded that Plaintiff is not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

## LEGAL STANDARD

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported her decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Judicial review of the decisions of the Commissioner, like judicial review of all administrative agencies, is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

Additionally, the ALJ is expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–5 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Plaintiff's sole basis for remand is that the ALJ improperly relied upon the VE's testimony in finding that Plaintiff would be able to perform his past relevant work. The ALJ found that Plaintiff has the residual functional capacity to perform sedentary work "except he cannot climb ladders, ropes, or scaffolds; cannot work with hazards or heights; can occasionally climb ramps and stairs; occasionally stoop, kneel, crawl, and crouch[]; and cannot balance." R. 18. The ALJ relied on the VE's testimony that Plaintiff would be able to perform his past relevant work as an

electronics assembler as actually performed. Plaintiff contends that the VE's testimony conflicted with his own testimony that he would be unable to return to his job as an electronics assembler because he could not use a ladder as he was sometimes required to do. R. 51. Plaintiff claims that this conflict "was so obvious, that the ALJ should have picked up on it and inquired further as to how Mr. Dunlap could perform his [past relevant work] as actually performed, which required the use of a ladder, when he is precluded from heights, ladders, and balancing." Pl.'s Br. at 13, Dkt. No. 12. Plaintiff argues that the ALJ made a material error by failing to perform such an inquiry. *Id.*

As an initial matter, the Commissioner argues that Plaintiff has waived this argument because Plaintiff's counsel failed to object to the VE's testimony at the administrative hearing. The Seventh Circuit has recognized that a claimant may forfeit arguments concerning the VE's methodology by failing to object to the testimony during the hearing. *See Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002) ("When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion."); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009); *Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004); *Overman v. Astrue*, 546 F.3d 456, 463–64 (7th Cir. 2008). Generally, forfeiture issues arise when a plaintiff does not object to the number of jobs available to a person with the claimant's RFC or the conflicts between a VE's testimony and the DOT. *See Overman*, 546 F.3d at 463. In this case, Plaintiff does not assert that there was a conflict between the VE's testimony and the DOT. Instead, he asserts that the VE's opinion contradicts his job description testimony and that the ALJ failed to resolve this conflict. Counsel is not required to object to testimony on the ground that it is not credible or is inconsistent with other evidence in the record. As a result, the Commissioner's argument that the issue was waived or forfeited fails.

5

While it is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner," the court must determine whether the ALJ's finding is supported by substantial evidence. *Lopez*, 336 F.3d at 539. And while the ALJ is not required to discuss every piece of evidence, the ALJ "may not ignore evidence that suggests an opposite conclusion." *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) (quoting *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982)). In this case, the ALJ ignored Plaintiff's unrefuted testimony that his previous electronic assembly job required that he climb a ladder.

The Commissioner argues that no real conflict has been shown because Plaintiff did not establish that climbing a ladder was an integral part of his actual job duties. Plaintiff previously described his electronic assembly job as "a sit-down job." R. 36. Plaintiff made no mention of climbing ladders in his prior statements concerning his job as an electronics assembler, though it is also true that he failed to state even the amount of time he sat at his previous employment. R. 221–24. But the ALJ did not find that climbing ladders was not integral to Plaintiff's past employment; she simply ignored the testimony, as did the VE.

Regardless of whether Plaintiff described his job as "a sit-down job," R. 36, he also testified at the administrative hearing that he was no longer able to perform that job because it required him to climb a ladder, an activity the ALJ concluded he could not perform. R. 51. Once Plaintiff presented evidence that he was required to use a ladder to perform his job as an electronics assembler, the ALJ was required to assess the credibility of the statement and explain its significance to her finding that Plaintiff could nevertheless perform his past work. The VE's opinion that Plaintiff would be able to perform his past relevant work is inconsistent with Plaintiff's testimony that he was required to use a ladder to perform his job duties. The ALJ should

have inquired as to how Plaintiff could perform his past relevant work as actually performed, which required the use of a ladder, when he is precluded from heights, ladders, and balancing. The Court finds that the ALJ failed to address this evidence and resolve the apparent conflicts between the VE's testimony and Plaintiff's testimony. Absent some explanation, her findings based on the VE's testimony are not supported by substantial evidence. Remand is therefore required so that the ALJ can resolve these conflicts.

## CONCLUSION

For the reasons above, the decision of the Commissioner is **REVERSED** and **REMANDED** to the SSA pursuant to 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with this order. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of March, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
